UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD GHAFFAR McFADDEN,

                Petitioner,

-against-

GOV. NYS ANDREW M. CUOMO,

                Respondent.

20-CV-0423 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Petitioner, currently incarcerated in Attica Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, challenging his March 20, 1996 conviction in the New York Supreme Court, Rockland County. For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

    Petitioner seeks to challenge the legality of his March 20, 1996 state court conviction and sentence. The Court's records show that Petitioner filed a previous application for relief under § 2254 challenging the same conviction. *See McFadden v. Walsh*, No. 00-CV-2291 (S.D.N.Y. Jan. 11, 2001). Because Petitioner's previous application for relief under § 2254 was decided on the merits, this application is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).

    Before a second or successive § 2254 *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[1]

---

[1] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the

# CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. In the interest of justice, the petition is transferred to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 24, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).